JUDGE PAULEY

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

LINDA EDELHERTZ

*Plaintiff(s)*

v.

CORINTHIAN II OWNER, LTD., TRAVEL DYNAMICS INTERNATIONAL, LTD. INTERNATIONAL SHIPPING PARTNERS, INC., GRAND CIRCLE, LLC, et al.

*Defendant(s)*

Civil Action No. 13 CV 8309

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Corinthian II Owner Ltd.
c/o International Shipping Partners Inc,
Penthouse Suite A
4770 Biscayne Boulevard
Miami, FL 33137-3251

International Shipping Partners, Inc.
Penthouse Suite A
4770 Biscayne Boulevard
Miami, FL 33137-3251

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Hofmann & Schweitzer
360 West 31 Street, Suite 1506
New York, NY 10001-2727
ATTN: Dario Anthony Chinigo, Esq.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J. KRAJICK
CLERK OF COURT

Date: NOV 2 1 2013

*Signature of Clerk or Deputy Clerk*

JUDGE PAULEY

**13 CV 8309**

HOFMANN & SCHWEITZER
*Attorneys for Plaintiff*
360 West 31st Street, Suite 1506
New York, NY 10001-2727
Tel: (212) 465-8840

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------x

LINDA EDELHERTZ,

Plaintiff,

-against-

CORINTHIAN II OWNER, LTD., TRAVEL DYNAMICS INTERNATIONAL, LTD. INTERNATIONAL SHIPPING PARTNERS, INC., GRAND CIRCLE, LLC, OVERSEAS ADVENTURE TRAVEL and the M/V CORINTHIAN II, in rem,

Defendants.

-----------------------------------------------------x

**Docket No.:**

**COMPLAINT CIVIL and ADMIRALTY**




**JURY TRIAL DEMANDED**

Plaintiff claims of the defendant damages upon the following causes of action:

**FIRST CAUSE OF ACTION**

1. Plaintiff is a citizen of the State of Georgia.

2. At all times hereinafter mentioned, defendant CORINTHIAN II OWNER, LTD (hereinafter "Owner") was and still is a domestic corporation, duly organized and existing under and by the laws of the State of New York, doing business in the State of New York and amenable to suit in the State of New York.

3. At all times hereinafter mentioned, Defendant Owner was a foreign corporation, and is authorized to do business in New York, and at all relevant times, did business in the State of New York.

4. At all times hereinafter mentioned Defendant M/V CORINTHIAN II (hereinafter "the vessel") is a passenger cruise ship which sails to and from ports in the United States.

5. The jurisdiction of this Court of this first cause of action arises under and by virtue of the Court's admiralty jurisdiction, 28 U.S.C. §1331, and pursuant to this Court's diversity jurisdiction, 28 U.S.C. §1332(a)(2), this being a claim for greater than $75,000.00, exclusive of costs and interest.

6. On or about January 29, 2013, plaintiff joined the vessel for a cruise thereon which was intended to last from January 29, 2013 through February 7, 2013.

7. At all times material hereto Owner owned the vessel in coastwise, inter-coastal and foreign commerce.

8. At all times material hereto Owner possessed the vessel in coastwise, inter-coastal and foreign commerce.

9. At all times material hereto Owner managed the vessel in coastwise, inter-coastal and foreign commerce.

10. At all times material hereto Owner controlled the vessel in coastwise, inter-coastal and foreign commerce.

11. At all times material hereto Owner operated the vessel in coastwise, inter-coastal and foreign commerce.

12. At all times material hereto, and in particular, on January 30, 2013, Owner was the owner *pro hac vice* of the vessel.

13. At all times material hereto, and in particular, on January 30, 2013, Owner was the bareboat charterer of the vessel.

14. Upon information and belief, at all the dates and times hereinafter mentioned, defendant Owner invited the plaintiff to board the vessel.

15. Upon information and belief, and at all times hereinafter mentioned, defendant Owner, by its agents, servants, and/or employees, held out to the general public, including the plaintiff herein, that the vessel was reasonably safe to board.

16. On or about January 30, 2013, plaintiff was a passenger aboard the vessel.

17. On or about January 30, 2013, while the vessel was in navigable waters, plaintiff was caused to sustain the serious injuries more specifically set forth hereunder.

18. On or about January 30, 2013, plaintiff was caused to be injured through dangerous and unsafe conditions on the vessel and through the negligence of the vessel, its owners, operators and its crew in the ownership, management, operation, control of the vessel; in that the defendants failed to repair a defective, hazardous condition aboard the vessel that caused the injuries to the plaintiff; in that the defendants failed to adequately warn the plaintiff and those similarly situated of the presence and existence of a dangerous, hazardous and trap-like condition; in that the defendants knew, or in the exercise of reasonable care should have known of the existence of a dangerous, trap-like and hazardous condition; in that defendants caused and created the hazardous, dangerous and trap-like condition; in that defendants failed to offer and failed to provide adequate and timely medical care, including diagnostic testing to determine the extent of the injuries to the plaintiff; and that defendants were jointly careless, reckless and negligent as discovery shall provide.

19. Plaintiff's injuries were caused by the negligence of the defendants by their agents, servants, workmen and employees and by defendants' breach of its obligations under the circumstances.

20. Solely by reason of the negligence of the defendants, as set forth above plaintiff's muscles nerves, tendons, blood vessels and ligaments were severely wrenched, sprained, bruised and otherwise injured. It caused plaintiff to sustain severe crush injuries to her index, middle and ring fingers of her right hand; fractures of one or more of the distal phalanges of her right hand; she was forced to undergo surgical procedures which included stitches and the removal of a nail bed on one of her fingers; the full extent of plaintiff's injuries and the sequelae thereof are not yet fully known. The accident caused plaintiff to sustain internal injuries, the full extent of which are not yet known; to sustain severe injury and shock to the nerves and nervous system. It caused plaintiff to obtain in the past, and will

cause plaintiff to obtain in the future, medical treatment, care and attention. In the past and the future plaintiff was, and will be, obliged to expend monies and incur obligations for medical care and attention. Plaintiff suffered, and will in the future suffer, agonizing aches, pains and mental anguish. Plaintiff in the past was, and will in the future be, disabled from performing usual duties, occupations and avocations.

21. For said injuries, plaintiff claims damages in a reasonable amount as determined by the trier of fact.

**SECOND CAUSE OF ACTION**

22. Plaintiff repeats and re-alleges each of the foregoing paragraphs as if copied herein *in extenso*.

23. At all times hereinafter mentioned, defendant TRAVEL DYNAMICS INTERNATIONAL, LTD. (hereinafter "Travel") was and still is a domestic corporation, duly organized and existing under and by the laws of the State of New York, doing business in the State of New York and amenable to suit in the State of New York.

24. Defendant Travel is a foreign corporation, and is authorized to do business in New York, and at all relevant times, did business in the State of New York.

25. Defendant M/V CORINTHIAN II (hereinafter "the vessel") is a passenger cruise ship which sails to and from ports in the United States.

26. The jurisdiction of this Court of this second cause of action arises under and by virtue of the Court's admiralty jurisdiction, 28 U.S.C. §1331, and pursuant to this Court's diversity jurisdiction, 28 U.S.C. §1332(a)(2), this being a claim for greater than $75,000.00, exclusive of costs and interest.

27. On or about January 29, 2013, plaintiff joined the vessel for a cruise thereon which was intended to last from January 29, 2013 through February 7, 2013.

28. At all times material hereto Travel owned the vessel in coastwise, inter-coastal and foreign commerce.

29. At all times material hereto Travel possessed the vessel in coastwise, inter-coastal and foreign commerce.

30. At all times material hereto Travel managed the vessel in coastwise, inter-coastal and foreign commerce.

31. At all times material hereto Travel controlled the vessel in coastwise, inter-coastal and foreign commerce.

32. At all times material hereto Travel operated the vessel in coastwise, inter-coastal and foreign commerce.

33. At all times material hereto, and in particular, on January 30, 2013, Travel was the owner *pro hac vice* of the vessel.

34. At all times material hereto, and in particular, on January 30, 2013, Travel was the bareboat charterer of the vessel.

35. Upon information and belief, at all the dates and times hereinafter mentioned, defendant Travel invited the plaintiff to board the vessel.

36. Upon information and belief, and at all times hereinafter mentioned, defendant Traveler, by its agents, servants, and/or employees, held out to the general public, including the plaintiff herein, that the vessel was reasonably safe to board.

37. On or about January 30, 2013, plaintiff was a passenger aboard the vessel.

38. On or about January 30, 2013, while the vessel was in navigable waters, plaintiff was caused to sustain the serious injuries more specifically set forth hereunder.

39. On or about January 30, 2013, plaintiff was caused to be injured through dangerous and unsafe conditions on the vessel and through the negligence of the vessel, its owners, operators and its crew in the ownership, management, operation, control of the vessel; in that the defendants failed to repair a defective, hazardous condition aboard the vessel that caused the injuries to the plaintiff; in that the defendants failed to adequately warn the plaintiff and those similarly situated of the presence and existence of a dangerous,

hazardous and trap-like condition; in that the defendants knew, or in the exercise of reasonable care should have known of the existence of a dangerous, trap-like and hazardous condition; in that defendants caused and created the hazardous, dangerous and trap-like condition; in that defendants failed to offer and failed to provide adequate and timely medical care, including diagnostic testing to determine the extent of the injuries to the plaintiff; and that defendants were jointly careless, reckless and negligent as discovery shall provide.

40. Plaintiff's injuries were caused by the negligence of the defendants by their agents, servants, workmen and employees and by defendants' breach of its obligations under the circumstances.

41. Solely by reason of the negligence of the defendants, as set forth above plaintiff's muscles nerves, tendons, blood vessels and ligaments were severely wrenched, sprained, bruised and otherwise injured. It caused plaintiff to sustain severe crush injuries to her index, middle and ring fingers of her right hand; fractures of one or more of the distal phalanges of her right hand; she was forced to undergo surgical procedures which included stitches and the removal of a nail bed on one of her fingers; the full extent of plaintiff's injuries and the sequelae thereof are not yet fully known. The accident caused plaintiff to sustain internal injuries, the full extent of which are not yet known; to sustain severe injury and shock to the nerves and nervous system. It caused plaintiff to obtain in the past, and will cause plaintiff to obtain in the future, medical treatment, care and attention. In the past and the future plaintiff was, and will be, obliged to expend monies and incur obligations for medical care and attention. Plaintiff suffered, and will in the future suffer, agonizing aches, pains and mental anguish. Plaintiff in the past was, and will in the future be, disabled from performing usual duties, occupations and avocations.

42. For said injuries, plaintiff claims damages in a reasonable amount as determined by the trier of fact.

**THIRD CAUSE OF ACTION**

43. Plaintiff repeats and re-alleges each of the foregoing paragraphs as if copied herein *in extenso*.

44. At all times hereinafter mentioned, defendant INTERNATIONAL SHIPPING PARTNERS, INC., (hereinafter "International") was and still is a domestic corporation, duly organized and existing under and by the laws of the State of New York, doing business in the State of New York and amenable to suit in the State of New York.

45. At all times hereinafter mentioned, Defendant International was a foreign corporation, and is authorized to do business in New York, and at all relevant times, did business in the State of New York.

46. Defendant M/V CORINTHIAN II (hereinafter "the vessel") is a passenger cruise ship which sails to and from ports in the United States.

47. The jurisdiction of this Court of this third cause of action arises under and by virtue of the Court's admiralty jurisdiction, 28 U.S.C. §1331, and pursuant to this Court's diversity jurisdiction, 28 U.S.C. §1332(a)(2), this being a claim for greater than $75,000.00, exclusive of costs and interest.

48. On or about January 29, 2013, plaintiff joined the vessel for a cruise thereon which was intended to last from January 29, 2013 through February 7, 2013.

49. At all times material hereto International owned the vessel in coastwise, inter-coastal and foreign commerce.

50. At all times material hereto International possessed the vessel in coastwise, inter-coastal and foreign commerce.

51. At all times material hereto International managed the vessel in coastwise, inter-coastal and foreign commerce.

52. At all times material hereto International controlled the vessel in coastwise, inter-coastal and foreign commerce.

53. At all times material hereto International operated the vessel in coastwise, inter-coastal and foreign commerce.

54. At all times material hereto, and in particular, on January 30, 2013, International was the owner *pro hac vice* of the vessel.

55. At all times material hereto, and in particular, on January 30, 2013, International was the bareboat charterer of the vessel.

56. Upon information and belief, at all the dates and times hereinafter mentioned, defendant International invited the plaintiff to board the vessel.

57. Upon information and belief, and at all times hereinafter mentioned, defendant International, by its agents, servants, and/or employees, held out to the general public, including the plaintiff herein, that the vessel was reasonably safe to board.

58. On or about January 30, 2013, plaintiff was a passenger aboard the vessel.

59. On or about January 30, 2013, while the vessel was in navigable waters, plaintiff was caused to sustain the serious injuries more specifically set forth hereunder.

60. On or about January 30, 2013, plaintiff was caused to be injured through dangerous and unsafe conditions on the vessel and through the negligence of the vessel, its owners, operators and its crew in the ownership, management, operation, control of the vessel; in that the defendants failed to repair a defective, hazardous condition aboard the vessel that caused the injuries to the plaintiff; in that the defendants failed to adequately warn the plaintiff and those similarly situated of the presence and existence of a dangerous, hazardous and trap-like condition; in that the defendants knew, or in the exercise of reasonable care should have known of the existence of a dangerous, trap-like and hazardous condition; in that defendants caused and created the hazardous, dangerous and trap-like condition; in that defendants failed to offer and failed to provide adequate and timely medical care, including diagnostic testing to determine the extent of the injuries to the plaintiff; and that defendants were jointly careless, reckless and negligent as discovery shall provide.

61. Plaintiff's injuries were caused by the negligence of the defendants by their agents, servants, workmen and employees and by defendants' breach of its obligations under the circumstances.

62. Solely by reason of the negligence of the defendants, as set forth above plaintiff's muscles nerves, tendons, blood vessels and ligaments were severely wrenched, sprained, bruised and otherwise injured. It caused plaintiff to sustain severe crush injuries to her index, middle and ring fingers of her right hand; fractures of one or more of the distal phalanges of her right hand; she was forced to undergo surgical procedures which included stitches and the removal of a nail bed on one of her fingers; the full extent of plaintiff's injuries and the sequelae thereof are not yet fully known. The accident caused plaintiff to sustain internal injuries, the full extent of which are not yet known; to sustain severe injury and shock to the nerves and nervous system. It caused plaintiff to obtain in the past, and will cause plaintiff to obtain in the future, medical treatment, care and attention. In the past and the future plaintiff was, and will be, obliged to expend monies and incur obligations for medical care and attention. Plaintiff suffered, and will in the future suffer, agonizing aches, pains and mental anguish. Plaintiff in the past was, and will in the future be, disabled from performing usual duties, occupations and avocations.

63. For said injuries, plaintiff claims damages in a reasonable amount as determined by the trier of fact.

**FOURTH CAUSE OF ACTION**

64. Plaintiff repeats and re-alleges each of the foregoing paragraphs as if copied herein *in extenso*.

65. At all times hereinafter mentioned, defendant GRAND CIRCLE LLC (hereinafter "Grand Circle") was and still is a domestic corporation, duly organized and existing under and by the laws of the State of New York, doing business in the State of New York and amenable to suit in the State of New York.

66. Defendant Grand Circle is a foreign corporation, and is authorized to do business in New York, and at all relevant times, did business in the State of New York.

67. Defendant M/V CORINTHIAN II ("the vessel") is a passenger cruise ship which sails to and from ports in the United States.

68. The jurisdiction of this Court of this fourth cause of action arises under and by virtue of the Court's admiralty jurisdiction, 28 U.S.C. §1331, and pursuant to this Court's diversity jurisdiction, 28 U.S.C. §1332(a)(2), this being a claim for greater than $75,000.00, exclusive of costs and interest.

69. On or about January 29, 2013, plaintiff joined the vessel for a cruise thereon which was intended to last from January 29, 2013 through February 7, 2013.

70. At all times material hereto Grand Circle owned the vessel in coastwise, inter-coastal and foreign commerce.

71. At all times material hereto Grand Circle possessed the vessel in coastwise, inter-coastal and foreign commerce.

72. At all times material hereto Grand Circle managed the vessel in coastwise, inter-coastal and foreign commerce.

73. At all times material hereto Grand Circle controlled the vessel in coastwise, inter-coastal and foreign commerce.

74. At all times material hereto Grand Circle operated the vessel in coastwise, inter-coastal and foreign commerce.

75. At all times material hereto, and in particular, on January 30, 2013, Grand Circle was the owner *pro hac vice* of the vessel.

76. At all times material hereto, and in particular, on January 30, 2013, Grand Circle was the bareboat charterer of the vessel.

77. Upon information and belief, at all the dates and times hereinafter mentioned, defendant Grand Circle invited the plaintiff to board the vessel.

78. Upon information and belief, and at all times hereinafter mentioned, defendant Grand Circle, by its agents, servants, and/or employees, held out to the general public, including the plaintiff herein, that the vessel was reasonably safe to board.

79. On or about January 30, 2013, plaintiff was a passenger aboard the vessel.

80. On or about January 30, 2013, while the vessel was in navigable waters, plaintiff was caused to sustain the serious injuries more specifically set forth hereunder.

81. On or about January 30, 2013, plaintiff was caused to be injured through dangerous and unsafe conditions on the vessel and through the negligence of the vessel, its owners, operators and its crew in the ownership, management, operation, control of the vessel; in that the defendants failed to repair a defective, hazardous condition aboard the vessel that caused the injuries to the plaintiff; in that the defendants failed to adequately warn the plaintiff and those similarly situated of the presence and existence of a dangerous, hazardous and trap-like condition; in that the defendants knew, or in the exercise of reasonable care should have known of the existence of a dangerous, trap-like and hazardous condition; in that defendants caused and created the hazardous, dangerous and trap-like condition; in that defendants failed to offer and failed to provide adequate and timely medical care, including diagnostic testing to determine the extent of the injuries to the plaintiff; and that defendants were jointly careless, reckless and negligent as discovery shall provide.

82. Plaintiff's injuries were caused by the negligence of the defendants by their agents, servants, workmen and employees and by defendants' breach of its obligations under the circumstances.

83. Solely by reason of the negligence of the defendants, as set forth above plaintiff's muscles nerves, tendons, blood vessels and ligaments were severely wrenched, sprained, bruised and otherwise injured. It caused plaintiff to sustain severe crush injuries to her index, middle and ring fingers of her right hand; fractures of one or more of the distal phalanges of her right hand; she was forced to undergo surgical procedures which included

stitches and the removal of a nail bed on one of her fingers; the full extent of plaintiff's injuries and the sequelae thereof are not yet fully known. The accident caused plaintiff to sustain internal injuries, the full extent of which are not yet known; to sustain severe injury and shock to the nerves and nervous system. It caused plaintiff to obtain in the past, and will cause plaintiff to obtain in the future, medical treatment, care and attention. In the past and the future plaintiff was, and will be, obliged to expend monies and incur obligations for medical care and attention. Plaintiff suffered, and will in the future suffer, agonizing aches, pains and mental anguish. Plaintiff in the past was, and will in the future be, disabled from performing usual duties, occupations and avocations.

84. For said injuries, plaintiff claims damages in a reasonable amount as determined by the trier of fact.

**FIFTH CAUSE OF ACTION**

85. Plaintiff repeats and re-alleges each of the foregoing paragraphs as if copied herein *in extenso*.

86. At all times hereinafter mentioned, defendant OVERSEAS ADVENTURE TRAVEL (hereinafter "Overseas") was and still is a domestic corporation, duly organized and existing under and by the laws of the State of New York, doing business in the State of New York and amenable to suit in the State of New York.

87. At all times hereinafter mentioned defendant Overseas is a foreign corporation, and is authorized to do business in New York, and at all relevant times, did business in the State of New York.

88. Defendant M/V CORINTHIAN II ("the vessel") is a passenger cruise ship which sails to and from ports in the United States.

89. The jurisdiction of this Court of this first cause of action arises under and by virtue of the Court's admiralty jurisdiction, 28 U.S.C. §1331, and pursuant to this Court's

diversity jurisdiction, 28 U.S.C. §1332(a)(2), this being a claim for greater than $75,000.00, exclusive of costs and interest.

90. On or about January 29, 2013, plaintiff joined the vessel for a cruise thereon which was intended to last from January 29, 2013 through February 7, 2013.

91. At all times material hereto Overseas owned the vessel in coastwise, inter-coastal and foreign commerce.

92. At all times material hereto Overseas possessed the vessel in coastwise, inter-coastal and foreign commerce.

93. At all times material hereto Overseas managed the vessel in coastwise, inter-coastal and foreign commerce.

94. At all times material hereto Overseas controlled the vessel in coastwise, inter-coastal and foreign commerce.

95. At all times material hereto Overseas operated the vessel in coastwise, inter-coastal and foreign commerce.

96. At all times material hereto, and in particular, on January 30, 2013, Overseas was the owner *pro hac vice* of the vessel.

97. At all times material hereto, and in particular, on January 30, 2013, Overseas was the bareboat charterer of the vessel.

98. Upon information and belief, at all the dates and times hereinafter mentioned, defendant Overseas invited the plaintiff to board the vessel.

99. Upon information and belief, and at all times hereinafter mentioned, defendant Overseas, by its agents, servants, and/or employees, held out to the general public, including the plaintiff herein, that the vessel was reasonably safe to board.

100. On or about January 30, 2013, plaintiff was a passenger aboard the vessel.

101. On or about January 30, 2013, while the vessel was in navigable waters, plaintiff was caused to sustain the serious injuries more specifically set forth hereunder.

102. On or about January 30, 2013, plaintiff was caused to be injured through dangerous and unsafe conditions on the vessel and through the negligence of the vessel, its owners, operators and its crew in the ownership, management, operation, control of the vessel; in that the defendants failed to repair a defective, hazardous condition aboard the vessel that caused the injuries to the plaintiff; in that the defendants failed to adequately warn the plaintiff and those similarly situated of the presence and existence of a dangerous, hazardous and trap-like condition; in that the defendants knew, or in the exercise of reasonable care should have known of the existence of a dangerous, trap-like and hazardous condition; in that defendants caused and created the hazardous, dangerous and trap-like condition; in that defendants failed to offer and failed to provide adequate and timely medical care, including diagnostic testing to determine the extent of the injuries to the plaintiff; and that defendants were jointly careless, reckless and negligent as discovery shall provide.

103. Plaintiff's injuries were caused by the negligence of the defendants by their agents, servants, workmen and employees and by defendants' breach of its obligations under the circumstances.

104. Solely by reason of the negligence of the defendants, as set forth above plaintiff's muscles nerves, tendons, blood vessels and ligaments were severely wrenched, sprained, bruised and otherwise injured. It caused plaintiff to sustain severe crush injuries to her index, middle and ring fingers of her right hand; fractures of one or more of the distal phalanges of her right hand; she was forced to undergo surgical procedures which included stitches and the removal of a nail bed on one of her fingers; the full extent of plaintiff's injuries and the sequelae thereof are not yet fully known. The accident caused plaintiff to sustain internal injuries, the full extent of which are not yet known; to sustain severe injury and shock to the nerves and nervous system. It caused plaintiff to obtain in the past, and will cause plaintiff to obtain in the future, medical treatment, care and attention. In the past and the future plaintiff was, and will be, obliged to expend monies and incur obligations for

medical care and attention. Plaintiff suffered, and will in the future suffer, agonizing aches, pains and mental anguish. Plaintiff in the past was, and will in the future be, disabled from performing usual duties, occupations and avocations.

105. For said injuries, plaintiff claims damages in a reasonable amount as determined by the trier of fact.

**SIXTH CAUSE OF ACTION**

106. Plaintiff repeats and realleges each of the foregoing paragraphs as if copied herein *in extenso*.

107. On or about January 29, 2013, defendants, in consideration for a stipulated fare, undertook and agreed as a common carrier, pursuant to written contract of carriage, to transport plaintiff safely upon a voyage upon defendant's vessel, from the point of commencement, to the various ports as stated within the passenger contract, and to the port of discharge.

108. Plaintiff paid the consideration demanded by defendants, and performed all obligations required under the terms of the passenger contract.

109. Defendants failed and neglected to safely transport plaintiff as required by the passenger contract, thus breaching the contract of passage.

110. As a direct consequence of defendants' failure to perform their obligations under the passenger contract, plaintiff was injured as previously described in the foregoing causes of action.

111. Plaintiff claims damages on this cause of action in an amount to be determined by the trier of fact.

**WHEREFORE**, plaintiff prays that judgment be entered against the defendants for damages, on the first, second, third, fourth, fifth and sixth causes of action in an amount to be determined by the trier of fact, for past, present and future pecuniary damages and losses; for

past, present and future damages for pain and suffering suffered by the plaintiff, and for such interest costs and counsel fees as the Court may deem just and proper.

Plaintiff demands trial by jury on all issues so triable.

**ADDITIONALLY**, plaintiff prays:

1. That a warrant of arrest issue against the said vessel, her boilers, engines, tackle, appurtenances, etc., and that all persons claiming any right, title or interest therein be cited to appear and answer all the matters aforesaid;

2. That citation issue against defendants and to appear and answer all the matters aforesaid;

3. That this Honorable Court enter judgment for plaintiff in accordance with the sums set forth as aforesaid together with interest, costs and counsel fees;

4. That the said vessel, her boilers, engines, tackle, appurtenances, etc. be condemned and sold to pay the same;

5. That judgment be entered against the defendants for compensatory damages in the amount found by the trier of fact, and for such other damages as the Court may determine to be due and owing upon the trial of this cause, and for such interest, costs, punitive damages and counsel fees as the Court may deem just and proper.

Dated: New York, New York
November 18, 2013

HOFMANN & SCHWEITZER
*Attorneys for Plaintiff*

By: ______________________
Dario Anthony Chinigo (0298)
360 West 31st Street, Suite 1506
New York, NY 10001-2727
Tel: (212) 465-8840

To:

Corinthian II Owner Ltd.
Care of International Shipping Partners Inc,
Penthouse Suite A
4770 Biscayne Boulevard
Miami, FL 33137-3251

International Shipping Partners, Inc.
Penthouse Suite A
4770 Biscayne Boulevard
Miami, FL 33137-3251

Grand Circle
c/o Overseas Adventure Travel
One Mifflin Place, Suite 400
Cambridge, MA 02138

Travel Dynamics International
132 East 70th Street
New York, NY 10021

International Shipping Partners, Inc.
c/o Mr. William B. Milliken
2121 Ponce De Leon Boulevard, Suite 730
Miami, FL 33134

Overseas Adventure Travel
One Mifflin Place, Suite 400
Cambridge, MA 02138

Travel Dynamics International, LTD
c/o Socrates Scott L. Nicholas, Esq.
100 Wall Street, 23rd Floor
New York, NY 10005

HOFMANN & SCHWEITZER
*Attorneys for Plaintiff*
360 West 31st Street, Suite 1506
New York, NY 10001-2727
Tel: (212) 465-8840

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
LINDA EDELHERTZ,

Plaintiff,

-against-

**VERIFICATION**

CORINTHIAN II OWNER, LTD., TRAVEL DYNAMICS INTERNATIONAL, LTD. INTERNATIONAL SHIPPING PARTNERS, INC., GRAND CIRCLE, LLC, OVERSEAS ADVENTURE TRAVEL and the M/V CORINTHIAN II, in rem,

Defendants.
-----------------------------------------------------------x

STATE OF )
)s.s.:
COUNTY OF )

Plaintiff, LINDA EDELHERTZ hereby states that she has read the complaint in this matter, that the statements therein are true to the best of her knowledge, except for those statements made upon information and belief, and as to them, believes them to be true.

Linda Edelhertz

Sworn to before me this
15th day of November, 2013

Notary Public

KEITH SCHECHTER
NOTARY PUBLIC
FULTON COUNTY, GEORGIA
MY COMMISSION EXPIRES DECEMBER 8, 2013